FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON S.,[1]<br>              Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>              Defendant. | No. 4:20-cv-05089-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 24, 28 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 24, 28. The parties consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 24, and grants Defendant's motion, ECF No. 28.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 17, 2016, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of March 9, 2015. Tr. 15, 94, 108, 236-50. The applications were denied initially and on reconsideration. Tr. 141-56, 159-71. Plaintiff appeared before an administrative law judge (ALJ) on April 16, 2019. Tr. 48-81. On May 21, 2019, the ALJ denied Plaintiff's claim. Tr. 12-39.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2015, has not engaged in substantial gainful activity since March 9, 2015. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: spinal impairments, bilateral carpal tunnel syndrome, diabetes, migraine headaches, obesity, somatoform disorder(s), depressive disorder(s), and anxiety disorder(s). *Id*.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ did not specify the exertional level Plaintiff is limited to, but concluded that Plaintiff has the RFC to perform work with the following limitations:

> [Plaintiff can] lift and carry ten pounds frequently and twenty pounds occasionally. He can sit for six hours in an eight-hour workday, for an hour at a time. He can stand and/or walk for six hours in an eight-hour workday, for an hour at a time. He cannot crawl or climb ladders, ropes, or scaffolding. He can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. He can occasionally reach overhead with his upper extremities bilaterally, and can frequently reach in all other directions. He can frequently handle and finger bilaterally. He cannot operate heavy machinery or have exposure to industrial vibration or unprotected heights. He should avoid exposure to extreme cold. He cannot work on uneven surfaces. He can perform simple routine tasks with occasional detailed work. He can have occasional brief contact with coworkers and the public. He would work best independently.

Tr. 20.

ORDER - 7

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work. Tr. 30. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as peeled potato inspector, photocopy machine operator, and toy assembler. Tr. 31. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of March 9, 2015, through the date of the decision. *Id.*

On April 10, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and
2. Whether the ALJ properly incorporated Plaintiff's limitations into the RFC.

ECF No. 24 at 3.

ORDER - 8

# DISCUSSION

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 24 at 6-10. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.*

*Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

ORDER - 10

statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence. Tr. 21.

*1. Inconsistent Objective Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence. Tr. 21-24. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

First, the ALJ found Plaintiff's spinal and upper extremity impairments were not as severe as claimed. Tr. 21-22. Plaintiff's 2014 and 2015 MRIs showed abnormalities, including cervical spine spondylosis resulting in foraminal stenosis and nerve root impingement. Tr. 21. (citing Tr. 380-83, 786). Plaintiff's 2014 nerve conduction study demonstrated mild bilateral carpal tunnel syndrome and cervical radiculopathy. Tr. 21 (citing Tr. 384-90). However, Plaintiff continued

ORDER - 11

working through April 2015.  Tr. 21.  Plaintiff underwent a cervical spine fusion in November 2015, *id.* (citing Tr. 716), he reported significant improvement in his upper extremity symptoms in December 2015, and he demonstrated excellent upper body strength and no focal neurological deficits, Tr. 21 (citing Tr. 598-600).

While Plaintiff had some ongoing limitations after the surgery, he had many normal findings on examination and limited treatment for his pain.  Tr. 22.  Plaintiff's 2016 MRI showed no significant issues, and Plaintiff's provider noted in May 2016 that his fusion was "quite stable."  Tr. 21 (citing Tr. 648, 650).  Plaintiff began having diminished sensation in his upper extremities again in 2016, but continued to have normal strength, mostly intact range of motion, and Plaintiff reported most of his pain had resolved.  Tr. 22 (citing Tr. 485-86, 490, 494, 766-68).  Plaintiff reported not taking his prescribed pain medication for several months, declined more physical therapy in 2016, and a nerve conduction study demonstrated only mild carpal tunnel and no radiculopathy.  Tr. 22 (citing Tr. 889-90, 902, 913-15, 1358-59).  From 2016 through 2019, although Plaintiff occasionally had abnormal findings such as mildly decreased grip strength and limited range of motion, he generally demonstrated full strength in his upper extremities, intact upper extremity sensation, negative straight leg raises, negative Romberg signs, no neurological deficits, and normal range of motion, strength, and sensation.  Tr. 21-23 (citing Tr. 497, 499, 503, 507, 994-1003, 1005, 1009, 1020-

25, 1056-67, 1091-94, 1171-73, 1177, 1198, 1476-96). The ALJ also noted inconsistencies in Plaintiff's presentation, including multiple positive Waddell signs at a workers' compensation examination. Tr. 22 (citing Tr. 994-1003). Imaging in 2018 showed only mild degeneration of the lumbar spine, and an intact cervical fusion. Tr. 23 (citing Tr. 1068-70).

Next, the ALJ found Plaintiff's headaches were not as severe as alleged. Tr. 23-24. While Plaintiff alleged he began having limitations due to his headaches in 2015, Plaintiff did not seek treatment for his headaches until late 2016. Tr. 23. Plaintiff reported his diabetes contributed to his headaches, but his diabetes was generally noted as well-controlled without complication. *Id.* (citing Tr. 594-96). Plaintiff reported medication adequately controlled his headaches. Tr. 24 (citing Tr. 1155). Despite Plaintiff's report that he needs to take at least two naps per day due to headaches, Tr. 305, ALJ noted there is no documentation of Plaintiff having an active headache at any appointments, Tr. 24. At multiple appointments, Plaintiff did not report headaches. Tr. 23-24 (citing Tr. 883, 1119, 1143, 63).

Lastly, the ALJ found Plaintiff's psychological symptoms were not as severe as alleged. Tr. 24-25. Plaintiff generally had normal thoughts, judgment, memory, and cognition. Tr. 24 (citing, e.g., Tr. 682-83, 685, 699, 720, 728, 913, 1034-37). Plaintiff generally denied anxiety and depression, and the Beck Depression Inventory and Beck Anxiety Inventory indicated insignificant levels of depression

ORDER - 13

and anxiety. Tr. 1017, 1023, 1035, 1082. The ALJ found multiple providers encouraged Plaintiff to seek vocational counseling, which indicated Plaintiff is capable of working, with assistance identifying new employment prospects. Tr. 24. Despite his allegations of significant mental health symptoms, Plaintiff reported an ongoing lack of mental health care until March 2019, and he declined psychiatric medication. Tr. 25 (citing Tr. 1196, 1499-1517).

Plaintiff contends the objective medical evidence is consistent with his allegations, specifically his allegation that he needs to take a 10-minute break every hour. ECF No. 24 at 6-10. However, the ALJ set forth a thorough analysis of the objective evidence, which demonstrates that despite some abnormalities, Plaintiff often had generally normal physical and psychological examination findings, and imaging and nerve conduction testing that show no more than moderate findings. On this record, the ALJ reasonably concluded that the objective medical evidence is inconsistent with Plaintiff's symptom allegations. This finding is supported by substantial evidence and was a clear and convincing reason, along with the other reason offered, to discount Plaintiff's symptom complaints.

   *2. Activities of Daily Living*

The ALJ found Plaintiff's activities of daily living were inconsistent with his symptom claims. Tr. 21, 25. The ALJ may consider a claimant's activities that

ORDER - 14

undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ found Plaintiff's allegations of disabling limitations were inconsistent with his activities of daily living. Tr. 21, 25. While Plaintiff reported many of his limitations stem from an April 2014 injury, Plaintiff continued to work until April 2015. Tr. 21 (citing Tr. 284-300). In January 2015, Plaintiff was working light duty and studying engineering in college. Tr. 21. However, by May 2015, Plaintiff had ceased his work and his engineering studies. Tr. 21 (citing Tr. 577-78). In 2017, Plaintiff reported learning to program computers and reported he was able to handle his own laundry, housecleaning, and meal preparation, and he spent much of his time at a computer. Tr. 25 (citing Tr. 1040). In 2018, Plaintiff reported losing fifteen pounds due to a recent increase in his physical activities, which included walking up to five miles at a time. Tr. 25 (citing Tr.

1201). In 2019, Plaintiff reported mowing the lawn with a self-propelled lawn mower, weeding, walking his dog up to four miles on good days, and he testified he spent up to five hours per day on a computer. Tr. 25, 1482, 1501. Plaintiff also reported being able to manage money, watch television every day, play video games five times per week, and he reported no issues with sitting, understanding, following instructions, or getting along with others. Tr. 306-09. Plaintiff reported in 2019 that he could sit for 90 minutes, stand for 20-30 minutes, walk for 20 minutes, and lift/carry 20 pounds. Tr. 1482. Plaintiff argues his ability to attend school and work for a period of time is not inconsistent with his allegations, ECF No. 24 at 8-9, however Plaintiff does not address the additional activities identified by the ALJ as inconsistent. On this record, the ALJ reasonably concluded that the totality of Plaintiff's activities is inconsistent with his symptom allegations. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints.

    *3. Improvement with Treatment*

    The ALJ found Plaintiff's symptom allegations were inconsistent with Plaintiff's improvement with treatment. Tr. 22-25. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions

effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

First, the ALJ found Plaintiff's cervical impairment improved with surgery. Tr. 21-22. As discussed *supra,* Plaintiff's neck fusion was noted as stable, and he had improvement in his symptoms after surgery. Next, the ALJ found Plaintiff had improvement in his headaches with medication. Tr. 23-24. Plaintiff did not seek any treatment for headaches until late 2016, and after in increase in his medication for the headaches, he did not seek any treatment for headaches for nine months. *Id.* (citing Tr. 881). After the nine-month period when he did not have any appointments related to his headaches, Plaintiff sought treatment when he reported an increase his headaches due to lapsing in taking his medication; after he restarted medication, he reported the headaches were adequately controlled, and there are no further reports of seeking additional treatment for headaches. Tr. 24 (citing Tr. 1139, 1155). On this record, the ALJ reasonably concluded that Plaintiff's impairments when treated were not as limiting as Plaintiff claimed. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptoms complaints. Plaintiff is not entitled to remand on these grounds.

ORDER - 17

**B. RFC**

Plaintiff contends the ALJ's step five finding was based on an improper RFC formulation. ECF No. 24 at 10-12. However, Plaintiff's argument is based entirely on the assumption that the ALJ erred in considering Plaintiff's symptom claims. *Id.* For reasons discussed throughout this decision, the ALJ's consideration of Plaintiff's symptom claims is legally sufficient and supported by substantial evidence.

Plaintiff also states the ALJ failed to properly consider the medical opinion evidence when formulating the RFC, ECF No. 24 at 11, however Plaintiff does not set forth any specific challenges to any of the ALJ's rejections of medical opinion evidence. Plaintiff points to Dr. Thompson's testimony as evidence to support his claim he needs a 10-minute break every hour, ECF No. 24 at 8, however Dr. Thompson opined Plaintiff is capable of performing light work with additional limitations, but did not opine Plaintiff needs any breaks in a typical workday, Tr. 59-60. Dr. Thompson testified that he does not know if the evidence supports the allegation that Plaintiff needs such breaks, Tr. 61. As such, Dr. Thompson did not opine Plaintiff requires 10-minute breaks every hour. There are multiple other opinions in file, and Plaintiff does not point to any other opinions that indicate Plaintiff needs a 10-minute break every hour. Thus, the ALJ did not err in assessing the RFC or finding Plaintiff capable of performing work existing in the

national economy. Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 28**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED June 30, 2021.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 19